MICHAEL J. MESSINA (SB# 92415)
**WOODS & MESSINA**
550 West "C" Street, Suite 1670
San Diego, CA 92101
Tel. (619) 232-1914
Fax (619) 237-8898

Attorney for Defendant
NANCY MARYELLE GONZALEZ-TORRES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. DANA M. SABRAW)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.:   08CR0251-DMS |
| Plaintiff, ) | MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS |
| vs. ) | |
| NANCY MARYELLE GONZALEZ-TORRES, ) | |
| Defendant. ) | |

**I.**

**STATEMENT OF THE CASE**

On or about January 28, 2008, the Grand Jury returned an indictment against defendant, NANCY MARYELLE GONZALEZ-TORRES, for violation of 21 United States Code, §952 and §960, importation of a controlled substance to-wit:  11.52 kilograms of methamphetamine, a Schedule II controlled substance into the United States from a place outside thereof.

To date some discovery has been provided to defense counsel.

/////

## II.

## STATEMENT OF FACTS

The following statement of facts is taken from the probable cause statement written by Special Agent VICTOR ESPARZA on January 5, 2008. Ms. GONZALEZ-TORRES in no way adopts the statement and reserves her right to make any and all appropriate objections on the stated facts.

On January 5, 2008, at approximately 1357 hours, NANCY MARYELLE GONZALEZ-TORRES entered the United States from Mexico, through the Calexico, California East Port of Entry. Ms. GONZALEZ presented herself for inspection to Customs and Border Protection Officer, SAUL BACA, and gave a negative customs declaration to him. At this point, Officer BACA escorted GONZALEZ-TORRES and the vehicle to secondary for further inspection. The secondary inspection revealed a total of 20 packages of concealed matter in both front fenders of the vehicle. A probe of one of the packages revealed a white powdery substance that field tested positive for methamphetamine. The 20 packages had a combined net weight of approximately 11.52 kilograms or 25.34 pounds.

GONZALEZ-TORRES was arrested for importation of methamphetamine into the United States. She was advised of her Miranda rights and she waived them and agreed to speak with the Agent. GONZALEZ states that she did not know about the drugs in her car. Her boyfriend was in the van in front of her and she was following him into the United States. GONZALEZ-TORRES states that her boyfriend betrayed her and did not tell her about the drugs in her car.

/ / / / /

/ / / / /

## III.

## MOTION TO COMPEL DISCOVERY

**A.  Defendant is entitled to Discovery of Defendant's Statements**

Pursuant to Rule 16(a)(1)(A), <u>Brady v. Maryland</u>, 373 U.S. 83(1963), and the Fifth and Sixth Amendments to the United States Constitution, Defendant requests the disclosure of all statements, written, oral, and recorded, made by defendant which are in the possession, custody, or control of the government or which by the exercise of due diligence may become known to the Government, regardless of to whom the statements were made.

This includes all rough notes of government agents, which include statements of Defendant.

A defendant has a right to inspect these requested statements.  This has been extended to permit discovery of written summaries of the defendant's oral statements contained in handwritten notes of government agents.  <u>United States v. Johnson</u>, 525 F. 2d 999(2d Cir. 1975); <u>United States v. Bailleaux</u>, 685 F. 2d 1105 (9th Cir. 1982).

**B.  Defendant is entitled to Disclosure of any Prior Similar Convictions
    or Prior Similar Acts**

Federal Rule of Criminal Procedure 16(a)(1)(B) provides that, upon request of the defendant, the Government shall furnish to the defendant a copy of defendant's prior criminal record, if any, as is within the possession, custody, or control of the government.  Defendant makes this request.

The Defendant also requests that the Government provide discovery of any prior similar acts, which the Government will intend to introduce into evidence pursuant to Federal Rule of Evidence 404(b).  The Defendant must have access to this information in order to make

appropriate motions to exclude the use of such evidence at trial.  See United States v. Cook, 609 F. 2d 1174 (9th Cir. 1985).

**C.    Defendant is entitled to examine any Documents, tangible Items, and the like which are in the Possession, Custody, or Control of the Government**

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(c) and Brady v. Maryland, 373 U.S. 83 (1963), the Defendant requests the opportunity to inspect and copy all books, papers, documents, photographs, and tangible items which are in the possession, custody, or control of the Government and which are material to the preparation of the defense intended for use by the Government as evidence in the case in chief.  The Defendant further makes these requests pursuant to Brady v. Maryland on the ground that this evidence may provide exculpatory information that is beneficial to the Defendant in the defense against the charges in the indictment.

The request includes, but is not limited to the following:  All search warrants and their accompanying affidavits, as well as the opportunity to inspect the results of all searches conducted by law enforcement officers pursuant to warrants and/or otherwise (this request includes the searches of all residences, businesses, automobiles, and other locations regarding the case); all tape-recorded conversations, closed circuit television surveillance of suspects, telephone toll analysis, bank records and financial documents involving the case.   This request also includes the results of all follow-up investigations regarding the above-requested evidence.  These requests are made pursuant to Federal Rule of Criminal Procedure 16 and Brady v. Maryland, 373 U.S. 83 (1963).

/ / / / /

/ / / / /

Memorandum of Law in support of Motion for Discovery and for Leave to File further Motions    Case No. 08CR0251-DMS

### D. Due Process Exculpatory Information

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and the Fifth and Sixth Amendments to the United States Constitution, Defendant requests disclosure of all information of whatever form, source, or nature which tends to exculpate Defendant by indicating innocence, contradicting the Government's theory of the case, and impeaching the credibility of potential government witnesses. This request specifically includes all co-conspirator statements, indicted and unindicted, all third party witness statements interviewed by government agents and/or of which the Government has custody, dominion or control. This request includes all recorded conversations, electronic, mechanical, stenographic, or otherwise, of all co-conspirators, indicted and unindicted, all defendants, and all potential witnesses whose statements are relevant to the subject matter charged in the indictment and are in the possession, custody, or control of the government. It also includes such statements within the meaning of 18 U.S.C. Section 3504.

Defendant requests the Government to provide all statements made by all potential witnesses. The term "statements" as used in this request include tape-recorded conversations, rough notes, correspondence, memoranda, or reports prepared directly by such persons and/or by any government agents (of any government entity) or attorneys. It includes all Grand Jury testimony, as sell as previous in-court and trial testimony. It includes all government debriefings of all potential witnesses. If such statements were given orally to any government agent. Defendant requests that they be committed to writing and produced forthwith.

In addition, Defendant requests access to prior testimony of all government witnesses. Two statutory provisions and one major constitutional provision must be considered in resolving any questions involving compelled disclosure of government witness statements. First, the

Jencks Act, 18 U.S.C. Section 3500, regulates disclosure of witness statements, as defined by the Act, and prohibits any order requiring production prior to the completion of direct examination of the witness. Second, Federal Rule of Criminal Procedure 16(a)(2) excludes from the operation of the general discovery provisions of Rule 16 those reports, memoranda, and internal government documents generated during the course of an investigation into the case, except as provided in the Jencks Act. The Rule does not prohibit the disclosure of such items, but states, merely, that it does not authorize them. Third, an overriding principle requires the government to disclose all exculpatory material in its possession. See Brady v. Maryland, 373 U.S. 83 (1963). Defendant makes this request under all three provisions.

As part of this request, Defendant also requests the name, address and telephone number of each person the Government intends to call as a witness at trial. Additionally, Defendant requests the name, address and telephone number of each person who was present during or had material information regarding, any act or transaction charged in the indictment, whether or not the Government intends to call such a person as a witness at the trial. The request includes a list of all witnesses appearing before the Grand Jury in connection with this case. Advance disclosure of witnesses is essential if Defendant's Sixth Amendment right to effective assistance of counsel is to have any real meaning. This request is properly before the Court. See United States v. Cadet, 727 F. 2d 1453, 1469 (9th Cir. 1984); Wilson v. Rose, 366 F. 2d 611 (9th Cir. 1966).

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); Davis v. Alaska, 415 U.S. 308 (1974), Defendant makes the following request for:

/ / / / /

/ / / / /

Memorandum of Law in support of Motion for                                            Case No. 08CR0251-DMS
Discovery and for Leave to File further Motions

1) All impeaching evidence such as prior records, prior inconsistent statements, evidence for bias, interest, or motive, and prior uncharged bad acts of all the potential witnesses in this case;

2) All formal or informal promises to reward a witness, such as promises of probation, promises of monetary gain, payment of living or medical expenses, payment for transportation or promises of witness protection;

3) All information relating to alcohol or drug abuse treatment of all potential witnesses, and all information relating to drug uses of each potential witness;

4) All information relating to the use of aliases or fictitious names by each potential government witness;

5) All information relating to prior acts of all potential witnesses which are probative of their character for untruthfulness within the meaning of Federal Rule of Evidence 608(b); and,

6) All information relating to contradictory statements made by all potential government witnesses or agents or representative of any law enforcement entity or other persons.

E.  **Request for Expert Witness Information**

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963), Defendant requests to inspect and copy or photograph any results of reports of physical or mental examinations and of scientific tests or experiments which are within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government, and which

reports are material to the preparation of the defense or intended for use by the Government as evidence in their case in chief at trial.

In regards to the expert information, Defendant requests all rough notes, memoranda, correspondence and reports setting forth the results, whether positive or negative, of all expert analysis regarding fingerprints or any of the seized evidence, scientific analysis of any of the recorded conversations and/or closed circuit television surveillance.  In regards to this latter request, Defendant requests the opportunity to perform independent scientific analysis on all recorded conversations and all closed circuit television surveillance conducted in this case.

**F.    Defendant is entitled to Disclosure of the Evidence the Government intends to use against Defendant at Trial**

Pursuant to Federal Rule of Criminal Procedure 12(d), Defendant requests that this Court order the Government to disclose the evidence it intends to use against Defendant at trial.  This request includes any evidence which Defendant may be entitled to under Federal Rule of Criminal Procedure 16, subject to any relevant limitation prescribed by that rule.

**IV.**

**PRESERVE ROUGH NOTES**

Defendant hereby moves this Court to order:

1)    Preservation and production of rough notes of government witness interviews and the interrogatories of Defendant; and,

2)    Sanctions for destruction of any of the rough notes including the exclusion of any witness' testimony as to which the rough notes have been destroyed.

/////

/////

The grounds for this motion are that rough interview notes must be preserved and disclosed to the defense under the Federal Rule of Criminal Procedure, Rule 16 and 18 U.S.C. Section 3500.

## V.

## MISCELLANEOUS ADDITIONAL DISCOVERY REQUESTS

A. All government forms, notes, memoranda signed by Defendant in connection with, or as a result of the arrest herein.

B. Copies of all sound or video tape recordings taken of Defendant and any material witnesses during the course of investigation and arrest herein, and any and all existing transcripts thereof.

## VI.

## LEAVE TO FILE FURTHER MOTIONS

Accordingly, defendant would ask for leave to file further motions should such motions be warranted.

Respectfully submitted,

Dated: February 25, 2008      S/   MICHAEL J. MESSINA
                              MICHAEL J. MESSINA
                              Attorney for Defendant
                              NANCY MARYELLE GONZALEZ-TORRES