KAREN P. HEWITT
United States Attorney
NICOLE ACTON JONES
Assistant U.S. Attorney
California State Bar No. 231929
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5482
E-mail: nicole.jones@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No. 08CR0251-DMS |
| Plaintiff, | ) **GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS:** |
| v. | ) **(1) TO COMPEL DISCOVERY; AND** |
| | ) **(2) FOR LEAVE TO FILE FURTHER MOTIONS** |
| NANCY MARYELLE GONZALEZ-TORRES, | ) **TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| Defendant. | ) Date: March 7, 2008 |
| | ) Time: 11:00 a.m. |
| | ) Court: The Hon. Dana M. Sabraw |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and hereby files its Response and Opposition to Defendant's Motions to Compel Discovery and For Leave to File Further Motions. This response is based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

//
//
//
//
//

I

**STATEMENT OF THE CASE**

On January 30, 2008, a federal grand jury in the Southern District of California returned a two-count Indictment charging defendant Nancy Maryelle Gonzalez-Torres ("Defendant") with Importation of Methamphetamine and Possession of Methamphetamine with Intent to Distribute, in violation of Title 21, United States Code, Sections 952 and 841(a)(1). On January 31, 2008, Defendant was arraigned on the Indictment and entered a plea of not guilty.

II

**STATEMENT OF FACTS**

On January 5, 2008, at approximately 2:00 p.m., Defendant entered the United States from Mexico through the Calexico West Port of Entry. Defendant was the driver, sole occupant and registered owner of the 2001 Hyundai Santa Fe she was driving. During the primary inspection, Defendant gave a negative customs declaration, stated she had owned the vehicle for 3 months and claimed she was headed to Wal-Mart in Calexico. The primary inspector observed that Defendant's hands were shaking and that she was avoiding eye contact. Defendant was sent to secondary inspection.

During the inspection in secondary, a Narcotics Detector Dog screened the vehicle and alerted to the front fenders. An x-ray of the vehicle produced also showed anomalies. Upon further inspection, twenty packages were found in both front fenders. A randomly selected package field-tested positive for methamphetamine. The net weight was approximately 11.52 kilograms or 25.34 pounds.

After being read her <u>Miranda</u> rights, Defendant elected to waive her rights and make a statement. Defendant denied knowledge of the methamphetamine in the vehicle. Defendant admitted, however, that she knew her boyfriend and his parents are involved in the drug business. Defendant claimed that at the time of her arrest her boyfriend was in another vehicle and that they were both watching a white Ford Explorer, which was loaded with marijuana, cross the border. Defendant stated the Explorer was registered in her name.

\\
\\
\\

**III**

**DEFENDANT'S MOTIONS**

**A.    MOTION TO COMPEL DISCOVERY**

    **1.    Discovery in this Matter is Current**

To date, the Government has provided Defendants with 47 pages of discovery and 2 DVDs. The discovery produced includes the CBP reports, the final Report of Investigation, the Personal History Report, Defendant's rap sheet, photographs and DVDs containing a video of Defendant's post-arrest statement. Defense counsel has yet to schedule a viewing of the vehicle. The Government will produce the DEA-7 lab analysis as soon as it is received. As of the date of this filing, the Government has received no reciprocal discovery.

    **2.    The Government Has and Will Continue to Comply With Its Discovery Obligations**

The Government recognizes and acknowledges its obligation pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. The Government has complied and will continue to comply with its discovery obligations going forward.

As to exculpatory information, the United States is aware of its obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972) and will comply. The United States will also produce any evidence of bias/motive or impeachment of any of its witnesses of which it becomes aware. An inquiry pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) will also be conducted. In this case, the Government will ask the affected law enforcement agency to conduct the reviews and report their findings to the prosecutor assigned to the case.

The United States will provide a list of witnesses at the time the Government's Trial Memorandum is filed. The grand jury transcript of any person who will testify at trial will also be produced. The United States will produce any reports of experts that it intends to use in its case-in-chief at trial or such reports as may be material to the preparation of the defense.

The United States has provided information within its possession or control pertaining to the prior criminal history of Defendant. If the Government intends to offer any evidence under Rules 404(b) or 609 of the Federal Rules of Evidence, it will provide timely notice to Defendant.

To the extent Defendant requests specific documents or types of documents, the Government will continue to disclose any and all discovery required by the relevant discovery rules. Accordingly, the Government respectfully requests that no orders compelling specific discovery by the United States be made at this time.

**3.     The Government Objects to Requests for Discovery That Go Beyond Any Statutory or Constitutional Disclosure Provision**

*a.     Defendant's Statements*

The United States recognizes its obligations under Fed. R. Crim. P. 16(a)(1)(A) to disclose "the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement in trial." The United States has turned over a number of investigative reports, including those which disclose the substance of Defendant's oral statements made in response to routine questioning by United States' law enforcement officers. If additional reports by United States' agents come to light, the United States will supplement its discovery. The United States has also produced a video of Defendant's post-arrest statement.

The United States is not required under Fed. R. Crim. P. 16 to deliver oral statements, if any, made by a defendant to persons who are not United States' agents. Nor is the United States required to produce oral statements, if any, voluntarily made (i.e. statements that were not made in response to interrogation) by a defendant to United States' agents. See United States v. Hoffman, 794 F.2d 1429, 1432 (9th Cir. 1986); United States v. Stoll, 726 F.2d 584, 687-88 (9th Cir. 1984). Moreover, the United States will not produce rebuttal evidence in advance of trial. See United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

*b.     Rough Notes*

The United States will fully comply with its discovery obligations under the Jencks Act. The United States objects, however, to Defendant's premature request for an order for production of any

1  rough notes of United States' agents. [Memorandum at 3, 5, 8.]    For purposes of the Jencks Act, a
2  "statement" is (1) a written statement made by the witness and signed or otherwise adopted or
3  approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the
4  witness' oral statement, or (3) a statement by the witness before a grand jury. See 18 U.S.C. §
5  3500(e).  Notes of an interview only constitute statements discoverable under the Jencks Act if the
6  statements are adopted by the witness, as when the notes are read back to a witness to see whether or
7  not the government agent correctly understood what the witness said. United States v. Boshell, 952
8  F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)).  In
9  addition, rough notes by a government agent "are not producible under the Jencks Act due to the
10 incomplete nature of the notes." United States v. Cedano-Arellano, 332 F.3d 568, 571 (9th Cir.
11 2004).  Moreover, the production of agents' notes related to Defendant's statements is not required
12 under Fed. R. Crim. P. 16 because the United States has "already provided defendant with copies of
13 the formal interview reports prepared therefrom." United States .v Griffin, 659 F.2d 932, 941 (9th
14 Cir. 1981).
15       In any case, production of this material need only occur after the witness making the Jencks
16 Act statements testifies on direct examination. See United States v. Robertson, 15 F.3d 862, 873
17 (9th Cir. 1994).  Accordingly, the United States reserves the right to withhold Jencks Act statements
18 of any particular witness it deems necessary until after they testify.  The United States will, however,
19 take steps to preserve any rough notes that exist in this case.
20            **c.      *Statements Made By All Potential Witnesses***
21       Defendant requests that the Government provide all statements made by all potential
22 witnesses. [Memorandum at page 5.] No authority is cited for this broad request and the
23 Government is aware of none.  As stated previously, the Government has and will continue to
24 comply with its obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, and
25 Rules 12 and 16 of the Federal Rules of Criminal Procedure.
26       Defendant also requests "prior testimony of all Government witnesses." [Memorandum at 5.]
27 The Government assumes Defendant's request is for Jencks material relevant to the case at hand.  If
28 Defendant is requesting all prior testimony of Government witnesses without regard to the relevance

of that testimony to this case, the Government objects on the ground that such disclosure is not required by any statutory or constitutional disclosure provision.  As to the request for Jencks material, production of this material need only occur after the witness making the Jencks Act statements testifies on direct examination.  See United States v. Robertson, 15 F.3d 862, 873 (9th Cir. 1994). Although the United States will likely produce most Jencks material in advance of trial, the United States reserves the right to withhold Jencks Act statements of any particular witness it deems necessary until after the witness testifies.

    *d.*  ***Witness Lists***

  While the Government will supply a tentative witness list with its trial memorandum, it objects to providing addresses.  See United States v. Steele, 785 F.2d 743, 750 (9th Cir. 1986); United States v. Sukumolachan, 610 F.2d 685, 688 (9th Cir. 1980); United States v. Conder, 423 F.2d 904, 910 (9th Cir. 1970) (addressing defendant's request for the addresses of actual Government witnesses).  As to the request that the Government provide a list of all witnesses to present during the crime charged, Defendant already has access to the names of potential witnesses through the discovery sent to her counsel. The United States is not aware of any individuals who were witnesses to Defendant's offense except the law enforcement agents who were involved in the apprehension.  The names of these individuals have already been provided to Defendant.

    *e.*  ***Impeachment Evidence***

  The Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection, ability to communicate, or truth telling.  The Government, however, objects to providing any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic because such information is not discoverable under Rule 16, Brady, Giglio, Henthorn, or any other Constitutional or statutory disclosure provision. [Memorandum at 7.] Nor is Defendant entitled to evidence that a prospective witness has ever engaged in an "uncharged bad act." [Memorandum at 7.]  The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the United States intends to

1  call in its case-in-chief.  An inquiry pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir.
2  1991) will also be conducted.

3        The United States also objects to Defendant's overbroad request for "all information relating
4  to prior acts of all potential witnesses which are probative of their character for untruthfulness."
5  [Memorandum at 7.]  Defendant reliance on Federal Rule of Evidence 608(b) and <u>Brady</u> in making
6  this request is misplaced.  The United States requests that the Court address any evidentiary issues
7  under Rule 608(b) at the motions <u>in limine</u> hearing that will be set prior to trial.

8        In the meantime, the United States will comply with its obligations to disclose impeachment
9  evidence under <u>Giglio v. United States</u>, 405 U.S. 150 (1972).  Moreover, the United States will
10 disclose impeachment evidence, if any exists, when it files its trial memorandum, although it is not
11 required to produce such material until after its witnesses have testified at trial or at a hearing.  <u>See</u>
12 <u>United States v. Bernard</u>, 623 F.2d 551, 556 (9th Cir. 1979).

13       ***f.***    ***Disclosure of All Trial Evidence***

14       Defendant also requests all evidence the Government intends to use against Defendant at
15 trial.  Again, Defendant cites no authority for her request.  The Government will comply with its
16 discovery obligations, but objects to the extent Defendant is requesting a roadmap to the
17 Government's case.  The Government will provide a tentative exhibit list when it files its Trial
18 Memorandum, but reserves the right to modify that list at any time before or during trial.  In addition,
19 the Government will not disclose evidence it intends to use for impeachment or rebuttal purposes.

20 **B.**    <u>**LEAVE TO FILE FURTHER MOTIONS**</u>

21       The United States does not object to the granting of leave to allow Defendant to file further
22 motions, as long as the order applies equally to both parties and additional motions are based on
23 newly discovered evidence or discovery provided by the United States subsequent to the instant
24 motion at issue.

25 \\
26 \\
27 \\
28 \\

## IV

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that Defendant's motions be denied.

DATED: February 29, 2008

                                  Respectfully Submitted,

                                  KAREN P. HEWITT
                                  United States Attorney

                                /s/ *Nicole Acton Jones*
                                NICOLE ACTON JONES
                                Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY MARYELLE<br>  GONZALEZ-TORRES,<br><br>    Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Criminal Case No. 08CR0251-DMS<br><br>   CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

  I, NICOLE A. JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

  I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

  1. Michael Messina

  I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

  None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

  I declare under penalty of perjury that the foregoing is true and correct.

  Executed on February 29, 2008.

                 /s/ *Nicole Acton Jones*
                 NICOLE ACTON JONES
                 Assistant U.S. Attorney